30 F.3d 130
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
PINE CONE HARBOUR CONDOMINIUM ASSOCIATION, INCORPORATED,
Plaintiff-Appellant,
v.
NATIONWIDE MUTUAL INSURANCE COMPANY, Defendant-Appellee.
 No. 93-2495.
 United States Court of Appeals, Fourth Circuit.
 Argued May 10, 1994.
Decided July 14, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Lynchburg. James C. Turk, District Judge. (CA-93-2)
 Paul G. Turner, Christian, Barton, Epps, Brent & Chappell, Richmond, VA, for Appellant.
 Joy Lee Price, Caskie & Frost, P.C., Lynchburg, VA, for Appellee.
 James W. Tredway, III, Christian, Barton, Epps, Brent & Chappell, Richmond, VA, for Appellant. S.J.
 Thompson, Jr., Caske & Frost, P.C., Lynchburg, VA, for appellee.
 Before RUSSELL and WILKINSON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Pine Cone Harbour Condominiums is a residential condominium complex in Hampton, Virginia. Appellant Pine Cone Harbour Condominium Association ("Pine Cone Harbour") is its governing body.
 
 
 2
 On April 30, 1991, Nationwide Mutual Insurance Co. ("Nationwide") issued a commercial liability policy to Pine Cone Harbour. The policy states that Nationwide "will pay those sums that [Pine Cone Harbour] becomes legally obligated to pay as damages because of 'personal injury' " and "will have the right and duty to defend any 'suit' seeking those damages." J.A. 19. It defines personal injury as:
 
 
 3
 injury, other than bodily injury, arising out of one or more of the following offenses:
 
 
 4
 a) false arrest, detention, or imprisonment;
 
 
 5
 b) malicious prosecution;
 
 
 6
 c) the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premise that a person occupies by or on behalf of its owner, landlord, or lessor.
 
 
 7
 J.A. 22.
 
 
 8
 Claire and Carl Bernau own and reside in a Pine Cone Harbour condominium. Because Mr. Bernau is confined to a wheelchair, the Bernaus sought permission to place a ramp over the steps to their condominium building. Pine Cone Harbour refused to allow construction of the ramp unless the Bernaus also built an additional set of stairs elsewhere on the building. On August 10, 1992, the Bernaus brought suit claiming Pine Cone Harbour had discriminated against them because of Mr. Bernau's handicap and had therefore violated the federal Fair Housing Act and the Virginia Fair Housing Law. See 42 U.S.C. Secs. 3604(f)(2), (3)(A), (3)(B) (West Supp.1994); Va.Code Ann. Secs. 36-96.3(A)(9), (B)(i), (B)(ii) (Michie Supp.1993). The Bernaus continued to reside in their condominium throughout their action against Pine Cone Harbour.
 
 
 9
 Pine Cone Harbour demanded that Nationwide defend and indemnify it against the Bernaus' claims pursuant to the insurance policy. Nationwide refused on the ground that the Bernaus' claims were not covered by the policy.
 
 
 10
 The Bernaus' lawsuit against Pine Cone Harbour eventually settled. Pine Cone Harbour then brought the present action seeking a declaratory judgment that the Bernaus' claims were covered by the Nationwide policy and recovery of all amounts expended by Pine Cone Harbour in defending and settling such claims. Pine Cone Harbour argued that the Bernaus' complaint constituted allegations of (1) detention or imprisonment; (2) wrongful eviction; and (3) invasion of the right of private occupancy, and therefore was a claim for "personal injury" as defined by the policy.
 
 
 11
 We agree with the district court that the Bernaus' suit does not allege personal injury as defined by the Nationwide policy for the reasons stated in its Memorandum Opinion entered October 19, 1993. We therefore affirm.
 
 AFFIRMED